**ATLANTIC COAST LINE R. CO. v. JOHNSON.**

**JOHNSON v. ATLANTIC COAST LINE R. CO.**

No. 14036.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1952.

Rehearing Denied Dec. 29, 1952.

See 200 F.2d 619.

Larry E. Pedrick, Wilson G. Pedrick, Waycross, Ga., Charles Cook Howell, Wilmington, N. C., for appellant.

J. Dorsey Blalock, Waycross, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by appellee under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., alleging that on April 6, 1950, while performing his duties as an employee in bleeding the air off, and uncoupling the hose between, railroad cars, he was knocked down and run over, suffering the loss of his left leg and four fingers of his right hand. At the time of his injury, a blue signal was displayed at one end of the train, which signal indicated, under rule 26, that workmen were under or about the cars. This rule further provided that, when thus protected by a blue signal, the engine, car, or train, must not be coupled to or moved. Notwithstanding this, the train was moved and the above-mentioned injuries inflicted on the appellee.

The appellant's answer admits that this rule was in effect at the time of plaintiff's injury, but denies that plaintiff was entitled to the protection thereof. The court below sustained the appellant's contention in this respect, ruled that plaintiff did not come under the protection of rule 26, and excluded all evidence relative to the railroad company's having violated any of the provisions of this particular rule. All other rules of the company, however, were admitted in evidence, from which it appears that no rule was promulgated for the protection of air bleeders; and the case was submitted to the jury upon the applicable federal law of negligence, including the issue as to whether or not the railroad company had been negligent in failing to promulgate reasonable rules for the protection of air bleeders in the operation of its trains.

The trial court fully instructed the jury as to the general law of negligence under the Federal Employers' Liability Act, as construed by the Supreme Court, and we find no error therein prejudicial to the appellant. On the motion for a new trial, the district judge adhered to his idea that rule 26 did not apply to the plaintiff, but said that to move a car with a blue flag on it was an unusual movement and that, under Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, it was for the jury to say whether the company was negligent. The appellant admits that rule 26 was binding on all employees to the extent that every employee was bound not to couple to or move a train upon which the blue signal was displayed.

It may be true that appellee was not of the class of employees that the blue signal was intended to protect, and that there was no obligation on appellant to display a blue signal for his benefit; but, having displayed the signal, every employee was forbidden to move a train covered by it. The custom and practice, as well as the rule, admittedly forbade every employee to move a string of cars that was under a blue flag, and that is exactly what happened in the case before us. The inspector had pulled the blue flag off of the west end of the train, and had instructed his assistant to pull the one off of the east end, but the assistant had not done so. The switch-engine crew, seeing that the flag had been taken away from the west end, and without making any inquiry as to whether the other flag was still on the east end, coupled up to the west end and pulled the string away, which resulted in the injuries to plaintiff.

The cause of action thus arising out of the blunder of appellant's agents was not created by any rule of the carrier, but by the federal statute, which says that the carrier shall be liable for any injury resulting in whole or in part from the carrier's negligence. 45 U.S.C.A. §§ 51–54. Under said act, negligence is the lack of due care in the particular situation, or the failure to do what an ordinarily prudent person would have done in the circumstances, or the doing of what an ordinarily prudent person would not have done. One question that confronted the jury on the trial below was whether an ordinarily prudent person in the circumstances would have moved the train while a blue signal was being displayed at its east end. It is not necessary

that he should have foreseen the particular harm that ensued, but only that he should have seen the probability of some harm to someone. legally working under or about the cars. If he had never displayed the blue signal, employees in the railroad yard would have known that they must look out for themselves, and would not be looked out for by the switching crew; but, when a blue signal at one end covered the train, custom, practice, and ordinary care (aside from rule 26) bound every employee of the appellant not to couple to or move the cars.

■■ The plaintiff was not a trespasser in the yard or on the track of appellant at the time of his injury. He was an employee who was doing the work for which he had been employed, at the place where he had been directed to do it. The nature of his work was inherently dangerous, and the railroad was under no duty to furnish him an absolutely safe place to work; but it was under a legal duty not to injure him negligently. The appellant's negligence in failing to promulgate some fair and reasonable rule on the subject, applicable to appellee, was found by the jury to be a proximate cause of the injury. We think the finding is amply supported by the evidence. Implicit in the verdict is a further finding that it was negligence to move the cars that were protected by a blue signal, and that such negligence was a proximate cause of appellee's injury.

The appellee, by cross-appeal, insists that rule 26 did apply to him; but the cross-appeal has become moot in view of our holding that, in any event, upon the undisputed facts, the movement of the train with the blue signal on it entitled the appellee to have the issues as to negligence submitted to the jury. All such issues, both as to negligence and proximate cause, were resolved by the jury in favor of the plaintiff. It was not unreasonable for the jury to find that, in the circumstances, the movement of a string of cars covered by a blue signal was potentially dangerous to those compelled to work in the yard, though not of the class protected by rule 26. There was also substantial evidence to support a finding that the movement was an unusual one,

and a proximate cause of the injury, even though no railroad rule prohibited it. Tiller v. Atlantic Coast Line, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 867; Tiller v. Atlantic Coast Line, 323 U.S. 574, 579, 580, 65 S.Ct. 421, 89 L.Ed. 465; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497.

Affirmed.

RUSSELL, Circuit Judge.

I dissent.